IN RE ESTATE OF ISAAC H. OLSON.

No. 40921.

DECEMBER 17, 1931.

C. H. E. Boardman, for appellant.

F. L. Meeker and C. H. Van Law, for appellees.

EVANS, J.—The appellant, Lena Olson Jones, is the administrator with will annexed of the estate of Isaac Olson, deceased. She became such administrator shortly after the death of her testate in 1925. The appellee, Meeker, acted as her attorney for several years. Later friction (not over the attorney fees) resulted in the discharge or withdrawal of Meeker and in the change of attitude on the part of the administrator.

The will of the testator is not contained in the abstract here. The references made to it indicate that the testator left his entire estate to his five children in equal shares. These heirs employed Meeker in the first instance to procure a probate of the will. They were advised that he would charge $40 for the service. This is one of the items in dispute. The will was probated. The executor named therein did not qualify, and Lena Olson Jones was appointed as administrator with the will annexed. We infer from the record that she is one of the five heirs. All the heirs were adult, and no rights of creditors are

involved. The. estate consisted of a mortgage, in amount between three and four thousand dollars, and of certain real estate situated in another county. The attorney charged a fee of $50 for negotiating the sale of the real property and included the amount of its purchase price in his computation of statutory fees, making a sum total of fees upon that transaction of approximately $100. This is one of the items in dispute. A charge by the attorney for postage and for automobile hire, amounting to about $15, is also challenged as one of the items in dispute. The sum total of the estate was about $5100. The attorney included in his charges the sum of $197 as the statutory percentage. His added fees made a total of $297. In so stating the facts we are not assuming to pass upon the weight of the evidence. We state them as the court could have found them from the evidence. There is no formal finding of facts in the record. What provision was made in the will concerning the real estate does not appear. So far as appears, the sale of the real property was not made by the administrator, as such, but by the heirs in their individual capacity, as such. Three reports were filed in the estate by the administrator while Meeker was acting as attorney. The first report included, as attorney fees, the item of $40 and another item of $10 for the making of the report. There is no record of the formal approval of this report. The other items were all made to appear in the second and third reports, and each of these was formally approved, but without formal notice. Each of these reports was signed and verified by the administrator. She knew the contents of each report. The emphasis of the attack made by the administrator is predicated upon Section 12064 of the Code, which is as follows:

"12064. *Attorney fee.* There shall also be allowed and taxed as part of the costs of administration of estates as an attorney's fee for the administrator's or executor's attorney, such reasonable fee as may be determined by the court, for services rendered, but not in excess of the schedule of fees herein provided for administrators and executors."

The proposition deduced therefrom and urged upon us is that there can be no allowance of attorney fees to an administrator for the attorney until the final hearing upon the final report. This argument is made to rest upon the fact that the statute

makes the attorney fees a part of the costs. We do not think that the statute will bear quite so extreme an interpretation. We deem it correct that purported attorney fees should not be segregated from the moneys of the estate upon the mere arbitrary charge of the attorney and before the approval of the court. We see no reason, however, for saying that the court may not in its proper discretion allow the payment of fees within safe limits, in the course of administration. If the allowance be an interlocutory one without notice, then it should be deemed subject to review in a final hearing on the final report. If an attorney fee be charged and the funds withdrawn by the attorney and the administrator, without the advance approval of the court, we know of no reason why the court may not review such allowance at any time upon objection of interested parties and either reject or ratify the charge as he shall find it to be just or otherwise. We deem the proceedings had herein in the court below in the nature of such a review, and that the finding of the court was a ratification and approval of the charges made. The only question that we can properly consider is whether the court erred in such ratification or allowance; not whether there was an irregularity in the first instance in taking the money before the approval of the court was had. The particular items under attack have already been indicated. If these items should be eliminated, then the attorney has been overpaid. We have already indicated that the item of $40 was contracted for with the heirs before the will was probated. It was reported in the first report. All the heirs knew about it. The items charged in connection with the sale of the real estate were known to the heirs. They acquiesced in them in the first instance, and none of them have objected since, except the administrator. The administrator herself acquiesced in them and included them in her report. The reports which she is now assailing were her own. They have never been challenged by anyone save herself. We have held that the statute does not abridge the right of adult heirs to agree upon fees or to acquiesce in those that are charged where rights of creditors and perhaps of minors do not intervene. This subject was considered in the following cases: In re Estate of Lane, 199 Iowa 520; In re Estate of Mansfield, 80 Iowa 681.

Assuming, therefore, that the approval without notice of

the interlocutory reports containing these items was not binding upon the other heirs for want of notice, the appellant is not in a position to say that she had no notice of her own verified report. In this state of the record, the case below turned, or may have turned, upon questions of fact which are not reviewable here.

The order appealed from is accordingly affirmed.

FAVILLE, C. J., and MORLING, KINDIG, and GRIMM, JJ., concur.